**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| INTERNAL REVENUE SERVICE,<br><br>            Appellant,<br><br>        v.<br><br>MARK W. DAVIS,<br>          Appellee. | Civil Action No. 15-7601 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Appellee Mark W. Davis's ("Davis") Motion for Certification of Direct Appeal to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2) and Federal Bankruptcy Rule 8001(f). (ECF No. 3.) Appellant Internal Revenue Service ("IRS") filed opposition (ECF No. 6), and Davis replied (ECF No. 7). The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Davis's motion.

I.      **Facts**[1]

A.      **Chapter 7 Bankruptcy**

On July 24, 2012, Davis filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") (the "Chapter 7 Petition"). (Davis's Moving Br. 1, ECF No. 3-1.) In the Chapter 7 Petition, Davis listed the IRS as holding a claim of $103,628.89. (*Id.* at 3.) The Chapter 7 Petition "progressed without incident, and [on] October 26, 2012 the Bankruptcy Court entered an order discharging [Davis] in the normal course." (*Id.*)

---

[1] The facts set forth below are undisputed.

Before Davis filed the Chapter 7 Petition, however, the IRS had calculated Davis's obligations for certain tax years in which he failed to file returns. (*Id.* at 2.) The IRS's calculation of Davis's tax obligations was based on two Substitutes for Returns ("SFR"), which the Internal Revenue Code allows the Secretary of Treasury to prepare and file for taxpayers, like Davis, who fail to file their own returns. (*Id.*) (citing 26 U.S.C. § 6020).) The IRS prepared the SFRs for the 2005 and 2006 tax years on November 17, 2008, and April 20, 2009, respectively. Davis did not sign the SFRs. (*Id.* at 2-3.) "On January 28, 2010, Davis submitted Form 1040s for the 2005 and 2006 tax years, which reduced the 2005 SFR estimated tax by $489.00, and reduced the 2006 SFR estimated tax by $3,646.00." (*Id.* at 3.)

### B.    Chapter 13 Bankruptcy

On August 11, 2014 (the "Petition Date"), Davis filed a voluntary petition for relief under Chapter 13 of Title 11 of the Bankruptcy Code. (*Id.* at 2.) In the Chapter 13 Plan, Davis proposed to pay "allowed priority tax debt, in full, through the plan." (*Id.*) "On his Chapter 13 schedules, Davis listed the IRS as holding an unsecured priority claim in the amount of $39,167.15 for the tax years 2005, 2006, and 2009, which he marked as disputed." (*Id.*) Thereafter, the IRS filed a proof of claim ("POC") based on the 2005 and 2006 SFRs. (*Id.*) The most recently amended POC lists a total claim amount of $63,887.78, of which $4,900.00 is listed as secured debt, $8,394.46 is listed as unsecured priority debt, and $50,593.32 is listed as unsecured debt. (*Id.*)

On December 9, 2014, Davis filed a Motion to Reduce the IRS's POC. (*Id.*) In his motion, Davis disputes "the portion of the unsecured debt for income tax obligations related to the 2005 and 2006 tax years, totaling $42,657.72." (*Id.*) Specifically, Davis argues that his 2005 and 2006 tax obligations in his Chapter 13 Petition were discharged by the Chapter 7 Petition, pursuant to 11 U.S.C. § 523(a)(1)(B)(i). Section 523(a)(1)(B)(i) excepts from discharge any debt for a tax,

"with respect to which a return . . . if required, was not filed or given." 11 U.S.C. § 523(a)(1)(B)(i). In its opposition to Davis's motion, the IRS argues that the Form 1040s that Davis filed in 2010 for the 2005 and 2006 tax years do not constitute "returns," which would be discharged under the Bankruptcy Code.

### C.   Bankruptcy Court's Decision

On October 6, 2015, the bankruptcy court issued an Order granting Davis's motion to reduce the IRS's claim. (ECF No. 2-1.) In its decision, the bankruptcy court noted that until the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the Bankruptcy Code did not define the term "return." *In re Davis*, No. 14-26507, 2015 WL 5734332, at * 2 (Bankr. D.N.J. Sept. 29, 2015). Thus, courts looked to various factors to define the term, including whether the purported return "represent[ed] an honest and reasonable attempt on the part of the taxpayer to satisfy the requirements of the law." *Id.*   Under the BAPCPA, "return" is defined to mean "a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements)." 11 U.S.C. § 523(a).   In addition, the BAPCPA specifically provides that the "term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law . . . but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or similar State or local law." *Id.* In its decision, the bankruptcy court noted that although the Third Circuit has not yet ruled on the issue, "each of the three circuit courts that have ruled on the issue held that a late return does not satisfy . . . the definition of a return" under the BAPCPA. *In re Davis*, No. 14-26507, 2015 WL 5734332, at *4 (citing *In re Fahey*, 779 F.3d 1, 10 (1st Cir. 2015); *In re Mallo*, 774 F.3d 1313, 1327 (10th Cir. 2014); *In re McCoy*, 666 F.3d 924, 932 (5th Cir. 2014)).   Notwithstanding these decisions, however, the court noted that another bankruptcy court in this district reached a different

conclusion. *Id.* at *5 (citing *In re Maitland*, 531 B.R. 516 (Bankr. D.N.J. 2015)).  Discussing the decision in *In re Maitland*, which rejected the circuit courts' "one-day rule," whereby the circuit courts held that late returns do not satisfy the BAPCPA's definition of "return," the bankruptcy court stated:

> the court thoroughly analyzed the circuit court decisions applying the one-day rule and respectfully departed from those decisions for five reasons:  1) those courts' reading of the definition of "return" would render other parts of the statute superfluous; 2) a plain language approach does not fully support those courts' reading of the term "return"; 3) the draconian result of the one-day rule is inconsistent with the underlying purpose of the Bankruptcy Code to give a fresh start to honest but unfortunate debtors; 4) the one-day rule is anomalous with the broader statutory scheme of 523(a), which primarily address debts arising out of culpable conduct of the debtor, not blameless mistake; and 5) the courts fail to address the detrimental impact the rulings would have on unsecured creditors.

*Id.*  Finding the analysis in *In re Maitland* persuasive, the court held that "there is no timeliness requirement when determining if a filing constitutes a 'return' for the purposes of discharge." *Id.* at *6.  Thus, the court found that Davis's late-filed Forms 1040 for the 2005 and 2006 tax years constituted returns, and granted Davis's motion to reduce the claim of the IRS. *Id.*  The IRS filed a notice of appeal with this Court. (ECF No. 1.)  Thereafter, Davis moved for certification for direct appeal to the Third Circuit. (ECF No. 3.)

## II.     Analysis

Section 158(d)(2) provides that litigants in a bankruptcy proceeding may appeal a bankruptcy court's decision directly to the court of appeals when, among other things, the district court certifies that: "(1) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance; (2) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; *or* (3) an immediate appeal

from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken." 28 U.S.C. § 158(d)(2) (emphasis added).  In its opposition, the IRS agrees that the sole question on appeal is "whether the Forms 1040 filed by [Davis] for 2005 and 2006 are 'returns' under 11 U.S.C. § 523(a)(1)(B)(i) even though he filed them late and after the IRS had already assessed the relevant taxes," and that this question has not been answered by the Third Circuit. (IRS's Opp'n Br. 3, ECF No. 6.)  The IRS disputes, however, whether this question is purely a legal one.  (*Id*.)  In particular, the IRS argues that the bankruptcy court's decision was "based in part on the fact that Davis filed [the Forms 1040 for 2005 and 2006] for a 'legitimate purpose' because he did so 'in advance of filing an [offer in compromise] with the IRS' and because he was required to file a Form 1040 before he could make such an offer."  (*Id*.)    The Court disagrees.  Although the bankruptcy court described the facts noted above, its decision was not heavily dependent on the particular facts in the case.  *Cf. Weber v. United States*, 484 F.3d 154, 158 (2d Cir. 2007) (noting that legislative history confirms that direct appeal is most appropriate for cases involving pure questions of law, and not for questions "heavily dependent on the particular facts of a case").  On the contrary, the bankruptcy court noted the canons of statutory construction that were applied in *In re Maitland*, and stated that it was persuaded by this analysis. *In re Davis*, No. 14-26507, 2015 WL 5734332, at \*5.  Accordingly, the Court finds that the question on appeal – whether there is a timeliness requirement to the term "return" under the BAPCA – is a legal one.

In addition, as the IRS concedes, there is no controlling decision from the Third Circuit on this question.  Furthermore, the Court finds that this issue, which has already been addressed by several Circuit Courts, *see, e.g.*, *In re Fahey*, 779 F.3d at 10; *In re Mallo*, 774 F.3d at 1327; *In re McCoy*, 666 F.3d at 924, is an issue that is likely to affect a significant proportion of individuals

and likely to arise repeatedly. *Cf. In re Marrama*, 345 B.R. 458, 474 (Bankr. D. Mass. 2006) (denying request for certificate for direct appeal because, inter alia, "[t]his is not an issue of significant proportion or one that is certain to arise repeatedly"). Accordingly, the Court finds that this case should be certified for direct appeal pursuant to 28 U.S.C. § 158(d)(2)(A)(i). 28 U.S.C. § 158(d)(2)(A)(i).

## III.   <u>Conclusion</u>

For the reasons set forth above, Davis's Motion for Certification of Direct Appeal to the Third Circuit Court of Appeals is granted. The Court shall issue an order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated:  June <u>28</u>, 2016