**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

INTERNAL REVENUE SERVICE,

    Appellant,

v.

MARK W. DAVIS,

    Appellee.

Civil Action No. 15-7601 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Appellant Internal Revenue Service's (the "IRS" or "Appellant") motion to reopen the case and stay proceedings. (ECF No. 10-2.) Appellee Mark W. Davis ("Davis" or "Appellee") filed opposition. (ECF No. 13.) Davis also filed a cross-motion for re-certification of direct appeal to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 158(d)(2) and Federal Bankruptcy Rule 8001(f) (ECF No. 11-1) and the IRS filed opposition (ECF No. 12). The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants the Appellant's motion to reopen the case; denies Appellant's motion to stay the proceedings as moot; and denies Appellee's cross-motion for re-certification as moot.

**I.**     **Discussion**[1]

    The IRS seeks to reopen this case. (IRS's Moving Br., ECF No. 10-2.) Section 158(d)(2)

---

[1] The Court assumes familiarity with the facts, which are provided in the Court's previous opinion. (*See* June 29, 2016 Mem. Op. 1-4, ECF No. 8.) The Court, therefore, includes only the facts relevant to the pending motions.

provides that litigants in a bankruptcy proceeding may appeal a bankruptcy court's decision directly to the court of appeals when, among other things, the district court certifies that:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance; (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A). On June 29, 2016, the Court granted Davis's motion for certification of direct appeal to the Third Circuit. (*See* June 29, 2016 Mem. Op., ECF No. 8; Certification Order, ECF No. 9.) Davis petitioned the Third Circuit for permission to appeal pursuant to 28 U.S.C. § 158(d)(2); however, the court declined to exercise jurisdiction over the direct appeal. (*See* Cross-Mot., Ex. G, ECF No. 11-8.) For reasons not fully articulated by the parties and unbeknownst to the Court, Davis failed to petition the Third Circuit for permission to appeal within 30 days of certification. (IRS's Moving Br. 1 (stating that "Davis failed to petition the Court of Appeals for permission to appeal within 30 days of certification"); Davis's Letter 1, ECF No. 18 (stating that "the [r]equest for [p]ermission was technically out of time under the rules and denied by the [Third] Circuit").) The Court, therefore, retains jurisdiction of the IRS's bankruptcy appeal. The Court, accordingly, grants Appellant's motion to reopen the case.[2]

---

[2] Appellee argues, in the alternative, that the Court should either (1) "[d]eny the IRS['s] request to reopen the case and dismiss the appeal for lack of prosecution" or (2) "deny the IRS's request for stay of this action" because the IRS "can prosecute [its] appeal" in the district court. (Davis's Reply Letter 2.) Significantly, Appellant originally sought a stay of the proceedings pending the Third Circuit's decision in *In re Giacchi*, and argued that the Third Circuit's decision would most likely inform the Court's decision with respect to remedies in the present matter. (*See* IRS's Moving Br. 4-6, ECF No. 10-2; Davis's Cross-Mot. 4-5, ECF No. 11-1.) The Third Circuit has since issued a precedential opinion affirming the district court's decision. *In re Giacchi*, No. 15-3761, 2017 WL 1753244, at *1, 3 (3d Cir. May 5, 2017). The Court, therefore, need not reach the merits of the

## II. Conclusion

For the reasons set forth above, the Court grants the Appellant's motion to reopen the case; denies Appellant's motion to stay the proceedings; and denies Appellee's cross-motion for re-certification as moot. The Court shall issue an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: May 15, 2017

---

parties' arguments. Accordingly, the Court denies Appellant's motion to stay the proceedings and Appellee's cross-motion for re-certification as moot.