**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|                                    |   |                              |
|------------------------------------|---|------------------------------|
| INTERNAL REVENUE SERVICE,          | : |                              |
|                                    | : | Civil Action No. 15-7601 (MAS) |
|     Appellant, | : |                              |
|                                    | : |                              |
|     v.         | : | **MEMORANDUM OPINION**       |
|                                    | : |                              |
| MARK W. DAVIS,                     | : |                              |
|                                    | : |                              |
|     Appellee.  | : |                              |

**SHIPP, District Judge**

    This matter comes before the Court on Appellant Internal Revenue Service's (the "IRS") appeal from the October 6, 2015 Bankruptcy Court order granting Appellee Mark W. Davis's ("Debtor") motion to reduce the amended proof of claim filed by the IRS. (ECF No. 1.) Debtor filed opposition (ECF No. 20), and the IRS replied (ECF No. 21). The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the IRS's appeal from the Bankruptcy Court order is granted.

**I.  Background[1]**

    Debtor failed to timely file his tax returns for the 2005 and 2006 tax years. (June 29, 2016 Mem. Op. 2.) As a result, on November 17, 2008 and April 20, 2009, respectively, the IRS prepared two Substitutes for Returns ("SFR") for each of those years pursuant to the Internal Revenue Code, which allows the Secretary of Treasury to prepare and file SFRs for taxpayers who

---

[1] The Court writes solely for the parties and assumes their familiarity with the facts, which are set forth in the Court's previous opinions. (*See* June 29, 2016 Mem. Op. 1-4, ECF No. 8; May 15, 2017 Mem. Op., ECF No 15.) The Court, therefore, includes only the facts relevant to the pending appeal.

fail to file their own returns. (*Id.* at 2.) Debtor did not sign the SFRs. (*Id.*) On January 28, 2010, Debtor submitted Forms 1040 for the 2005 and 2006 tax years. (*Id.*)

On July 24, 2012, Debtor field a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code") and listed the IRS as holding a claim of $103,628.89. (*Id.* at 1.) On October 26, 2012, the Bankruptcy Court entered a discharge order. (*Id.* at 1.) On August 11, 2014, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code and in his Chapter 13 plan, Debtor proposed to pay "allowed priority tax debt, in full, through the plan." (*Id.* at 2.) On the Chapter 13 schedules, Debtor listed the IRS as holding an unsecured priority claim of $39,167.15 for the tax years 2005, 2006, and 2009 and indicated that he disputed the claim. (*Id.*) The IRS filed a proof of claim ("POC") based on the 2005 and 2006 SFRs. (*Id.*)

On December 9, 2014, Davis filed a motion to reduce the IRS's POC, disputing "the portion of the unsecured debt for income tax obligations related to the 2005 and 2006 tax years, totaling $42,657.72." (*Id.*) Debtor argued that his 2005 and 2006 tax obligations listed in his Chapter 13 petition were discharged by the previous Chapter 7 petition pursuant to 11 U.S.C. § 523(a)(1)(B)(i). (*Id.*) Section 523(a)(1)(B)(i), however, excepts from discharge any debt for a tax "with respect to which a return . . . if required, was not filed or given." (*Id.* at 2-3.) The IRS maintained that the Forms 1040 Debtor filed in 2010 did not constitute "returns" and, accordingly, Debtor's tax obligations were not discharged. (*Id.* at 3.) In the September 29, 2015 Opinion issued in connection with the Order—and in the absence of Third Circuit precedent—the Bankruptcy Court analyzed, in detail, the various methods courts used to determine what constitutes a "return" for the purposes of 11 U.S.C. § 523(a)(1)(B)(i). (Bankruptcy Docket No. 50.) The Bankruptcy Court granted Debtor's motion to reduce the IRS's POC, finding that the Form 1040s at issue

constituted returns for the purposes of 11 U.S.C. § 523(a)(1)(B)(i) and issued an order on October 6, 2015. (June 29, 2016 Mem. Op. 3-4.)

On June 28, 2016, the Court granted Debtor's motion for certification of direct appeal to the Third Circuit Court of Appeals. (*Id.* at 5-6; Certification Order, ECF No. 9.) Debtor, however, failed to petition the Third Circuit for permission to appeal within thirty days of the certification. (May 15, 2017 Mem. Op. 2.) Thereafter, the IRS sought to reopen this case.[2] (*Id.*) On May 15, 2017, the Court granted the IRS's motion. (*Id.* at 2-3.)

## II.    **Legal Standard**

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. *See* 28 U.S.C. § 158(a) (2010). A district court conducts a *de novo* or plenary review of a bankruptcy court's legal conclusions. *Ryker v. Current*, 301 B.R. 156, 162 (D.N.J. 2003) (citing *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997); *Chemetron Corp. v. Jones*, 72 F.3d 341, 345 (3d Cir. 1995), *cert. denied*, 517 U.S. 1137 (1996)). Conversely, a bankruptcy court's factual findings will not be set aside unless they are "clearly erroneous." *Current*, 301 B.R. at 162 (citing Fed. R. Bankr. P. 8013; *Chemetron Corp.*, 72 F.3d at 345; *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 203 (3d Cir. 1995)).

## III.    **Discussion**

Generally, a "debtor who files a Chapter 7 bankruptcy petition is discharged from personal liability for all debts incurred before the filing of the petition." *Giacchi v. United States (In re*

---

[2] The IRS also sought a stay of the proceedings, pending the Third Circuit's decision in *In re Giacchi*, which it argued would most likely inform the Court's decision in the present case. (May 25, 2017 Mem. Op. 2 n.2.) Debtor also filed a cross-motion for re-certification of direct appeal. (*Id.*) Because the Third Circuit issued a precedential decision in *Giacchi* prior to the Court's May 2017 ruling, the Court denied both the IRS's motion to stay the proceedings and Debtor's cross-motion for re-certification as moot. (*Id.*)

*Giacchi)*, 856 F.3d 244, 247 (3d Cir. 2017). There are, however, exceptions to this rule. *Id.* "Section 523(a)(1)(B)(i) of the Bankruptcy Code excepts from discharge 'any . . . debt for a tax . . . with respect to which a return, or equivalent report or notice, if required, . . . was not filed or given.'" *Id.* (quoting 11 U.S.C. § 523(a)(1)(B)(i)). In this context, a "return" "means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements)." *Giacchi*, 856 F.3d at 247 (quoting 11 U.S.C. § 523(a)).

Approximately a year and a half after the Bankruptcy Court issued the order subject to appeal, the Third Circuit in *Giacchi v. United States* provided guidance on the issue in the instant case. The Third Circuit adopted the test set forth in *Beard v. Commissioner of Internal Revenue* to determine whether a document is a tax return. *Giacchi*, 856 F.3d at 247-48 (citing *Beard v. Comm'r of Internal Revenue*, 82 T.C. 766, 777 (T.C. 1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986)). To be a tax return, a document must: (1) "purport to be a return;" (2) "be executed under penalty of perjury;" (3) "contain sufficient data to allow calculation of tax;" and (4) "represent an honest and reasonable attempt to satisfy the requirements of the tax law." *Giacchi*, 856 F.3d at 248 (citing *Justice v. United States (In re Justice)*, 817 F.3d 738, 741 (11th Cir. 2016); *United States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029, 1033 (6th Cir. 1999)).

*In re Giacchi* guides the Court's analysis. Giacchi did not timely file Forms 1040 for tax years 2000, 2001, and 2002. *Giacchi*, 856 F.3d at 246. In 2004, the IRS assessed a tax liability for the years 2000 and 2001. *Id.* About one month later, Giacchi filed Forms 1040 for 2000 and 2001. *Id.* In 2005, the IRS assessed the 2002 tax liability. *Id.* Giacchi filed his 2002 Form 1040 in 2006. *Id.* "In 2010, Giacchi filed a voluntary Chapter 7 bankruptcy petition and received a discharge of his Pennsylvania tax liability," followed by a Chapter 13 bankruptcy petition in 2012. *Id.* He brought an "adversary proceeding against the federal government to seek a judgment that

4

his assessed federal income tax liabilities for the years 2000, 2001, and 2002 had been discharged in his Chapter 7 bankruptcy." *Id.* The Bankruptcy Court held that the tax debt was not dischargeable pursuant to 11 U.S.C. § 523(a)(1)(B) "because Giacchi had failed to file tax returns for 2000, 2001, and 2002, and Giacchi's belatedly filed documents were not 'returns' within the meaning of § 523(a)(1)(B) and other applicable law." *Id.* at 246-47. Both the District Court and Third Circuit affirmed. *Id.* at 247, 249. The Third Circuit held that "the timing of the filing of a tax form is relevant to determining whether the form evinces an honest and reasonable attempt to comply with tax law." *Id.* at 248. Notably, the Third Circuit stated that:

> [f]orms filed after their due dates and after an IRS assessment rarely, if ever, qualify as an honest or reasonable attempt to satisfy the tax law. . . . [T]he purpose of a tax return is for the taxpayer to provide information to the government regarding the amount of tax due. If a taxpayer does not file a return, the IRS is required to independently assess the taxpayer's liability . . . [.] *Once the IRS assesses the taxpayer's liability, a subsequent filing can no longer serve the tax return's purpose, and thus could not be an honest and reasonable attempt to comply with the tax law.*

*Id.* (emphasis added).

The IRS and Debtor agree that only the fourth prong of the *Beard* test is contested. (Appellant's Br. 6, ECF No. 19; Appellee's Br. 3, ECF No. 20.) The IRS emphasizes that the *Giacchi* case expressly speaks to this issue and rejected the bases that underlie the Bankruptcy Court's opinion and order. (Appellant's Br. 4, 6-7.) The IRS further argues that this case does not involve "close facts" and "the Court need not decide the question of whether any post-assessment filing could satisfy the 'honest and reasonable' inquiry." (*Id.* at 8.) Debtor advocates that under the Eighth Circuit's approach, his Form 1040s would constitute "returns" for purposes of Section 523 and that Debtor "made an honest and reasonable attempt to deal with his tax obligation by entering [into] an offer and compromise with the IRS." (Appellee's Br. 5.) Debtor disputes the IRS's suggestion that he defaulted on the offer and compromise. (*Id.* at 5-6) Instead, Debtor

5

certified that he was not aware that the IRS accepted the offer and compromise, despite multiple follow-up communications to the agency. (*Id.* at 6.) Regardless, the Court is persuaded that these facts do not alter the analysis and the *Giacchi* case controls the outcome here. The Court finds that the Form 1040s filed by Debtor do not constitute "returns" within the meaning of § 523(a)(1)(B) and other applicable law and the associated tax liability is not dischargeable pursuant to 11 U.S.C. § 523(a)(1)(B).

## IV.    Conclusion

For the reasons set forth above, the IRS's appeal from the October 6, 2015 Bankruptcy Court order is GRANTED. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** March 22, 2018